UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERRIGO CORPORATION<br>    Plaintiff, | § § § | Civil Action No. _____ |
| v. | § § | |
| XPO LOGISTICS FREIGHT, INC. f/k/a<br>CON-WAY FRIEGHT, INC.<br>    Defendant. | § § § § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Perrigo Corporation, by and through their attorneys Hill Rivkins LLP, complaining of the above named Defendant, allege upon information and belief as follows:

## I.
## PARTIES

1. Plaintiff Perrigo Corporation (hereinafter also referred to as "Perrigo") is a Michigan corporation or similar entity and was the shipper of the cargo/goods in question. Perrigo brings this action on its own behalf of, and for, the interest of all the parties who may be or become interested in the cargo/goods in question.

2. Defendant, XPO Logistics Freight, Inc. f/k/a Con-Way Freight, Inc. (hereinafter "Con-Way"), was and now is a Delaware corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, and may be served with process by serving its registered agent for service of process Prentice Hall Corporation System, 211 E 7th Street, Suite 620, Austin, TX 78701.

## II.
## JURISDICTION

3.      This is an action to recover for damage to and/or loss of goods transported by motor carriage in interstate commerce.

4.      This Honorable Court has subject matter jurisdiction over Perrigo's claims pursuant to 28 U.S.C. § 1337(a) and 49 U.S.C. §§ 13501 and 14706.

## III.
## VENUE

5.      Venue is proper in the Southern District of Texas – Houston Division because the Southern District of Texas is a District through which Con-Way operates.

## IV.
## GENERAL

6.      Whenever Perrigo alleges that Con-Way did any act or thing, it is meant that Con-Way's officers, agents, servants, employees, or representatives, did such act or thing, and that at the time such act or thing was done with the full authorization or ratification of Con-Way, or was done in the normal and routine course and scope of employment of Con-Way's officers, agents, servants, employers, or representatives.

## V.
## FACTS

7.      Con-Way was contracted for the carriage of a cargo of pharmaceutical products ("Cargo") from Duncan, South Carolina to Kansas City, Missouri in February 2014. A bill of lading was issued for the performance of that interstate carriage.

8.      On or about February 6, 2014, the Cargo was delivered to Con-Way for overland carriage. The Cargo was in good order and condition when presented for the carriage and was packaged for the normal rigors of the intended carriage, was properly packaged for the normal rigors of the

intended carriage, and was suitable in every respect for the intended transit. Con-Way accepted and agreed to transport the cargo. The bill of lading signed by Con-Way on the date of acceptance states "special handling – protect from freezing and extreme heat."

9.     As an interstate carrier, Con-Way undertook carriage, interim storage, inspection, and/or handling responsibilities, (or carriages, interim storage, inspection, and/or handling by others of their own choosing) and agreed to redeliver the Cargo in the same good order and condition, and in the same quantity as received.

10.    Con-Way embarked on the aforementioned interstate carriage from Duncan, South Carolina to Kansas City, Missouri without making any exceptions on the interstate bills of lading for cargo shortage or damage at the time of loading.

11.    On February 11, 2014, the shipment arrived in Kansas City, Missouri. The receiver of the Cargo, Amerisource-Bergen Corporation, denied delivery because the Cargo was frozen.

12.    Con-Way freight requested a return authorization from Perrigo which was granted.

13.    The return shipment began of February 12, 2014 with the Cargo arriving in Duncan, South Carolina on February 19, 2014. Upon the Cargo's return to Perrigo, it was destroyed as required by law.

## VI.
### FIRST CLAIM FOR RELIEF (Carmack liability under 49 U.S.C. § 14706)

14.    Perrigo repeats and re-alleges paragraphs 1 through 13 as set forth at length herein.

15.    By receiving the Cargo in good order and condition and then failing to deliver the Cargo at its destination in good order and condition, Con-Way breached their statutory duties and obligations as common carriers and/or freight forwarders, breach their contract of carriage with Perrigo, was negligent and careless in the handling of Perrigo's Cargo, and was otherwise at fault.

16. Perrigo has met all conditions precedent to recovery against Con-Way and has performed all duties and obligations that were required to perform and observe.

17. By reason of the premises, Perrigo has sustained damages as nearly same can now be estimated, no part of which has been paid though duly demanded, in the total amount of $287,070.68.

## IV.
## JURY DEMAND

18. Perrigo requests trial by jury.

WHEREFORE, Plaintiff Perrigo Corporation prays: that process in due form of law according to the practice of this Court may be issued against Con-Way; that a decree may be entered in Perrigo's favor against Con-Way in the amount of no less than $287,070.68, plus costs and interest; and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Ryan Vechan*

---

RYAN J. VECHAN
Texas Bar No.:24093298
SDTX ID No.: 2553512
Hill Rivkins LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:   (713) 222-1515
Facsimile:   (713) 222-1359
E-mail: rvechan@hillrivkins.com

*Attorney Perrigo Corporation*